Gerald D. PETERSON,
Plaintiff-Appellant,

v.

Larry D. FINK et al.,
Defendants-Appellees.

No. 74–1480.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 10, 1975.

Decided May 8, 1975.

Rehearing and Rehearing En Banc
Denied May 29, 1975.

William E. Shull, Duncan & Russell, Kansas City (Gladstone), Mo., for appellant.

Frederick O. Griffin, Asst. U. S. Atty., Springfield, Mo., for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

TALBOT SMITH, Senior District Judge.

This case is brought to us under 42 U.S.C. § 1985, alleging violation of plaintiff-appellant's civil rights. This is the fourth time the plaintiff has been before this court on claims stemming from the investigation and prosecution of plaintiff for the burglaries of the Farm & Home Savings & Loan Association of St. Joseph, Missouri and the Sturgeon State Bank of Sturgeon, Missouri.

The gist of the complaint as accurately expressed by Judge Oliver, who, we note, has had extensive experience with plaintiff's various pleadings, focuses upon the charges that the defendants, "federal law enforcement officers, conspired to use false testimony and documentary evidence to secure an arrest warrant for the arrest of plaintiff, that that warrant was 'used as a sham to get into and search Plaintiff's home . . .,' and that defendants presented false and illegally seized evidence to the grand jury to secure the indictment of the plaintiff." [1] For the asserted violation of plaintiff's Fourth Amendment and civil rights he seeks some eleven million dollars, plus costs and attorney's fees.

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Plaintiff's charges that agent Fink submitted forged and false records and documents to the court in his § 2255 proceeding, are, in the light of the entire record before us, frivolous.

**816**

■ The District Court dismissed the action on the ground that it was barred by the running of the Statute of Limitations, the substantial acts complained of having occurred on October 5, 1967 and the present action brought on May 19, 1972. We affirm on this ground, neither reaching nor ruling upon the court's alternative ground of *res judicata.*

Plaintiff does not dispute that this action is governed by the most applicable state limitation period, O'Sullivan v. Felix, 233 U.S. 318, 322–23, 34 S.Ct. 596, 58 L.Ed. 980 (1914), but asserts that the provisions of R.S.Mo. § 516.120(3) and (4) (1969) control, such placing a five year limitation on actions for "trespass on real estate," and actions "for taking, detaining or injuring any goods or chattels, * * * or for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated."

The District Court, however, found more applicable the provisions of R.S.Mo. § 516.130(1) (1969) which bar after three years

[a]n action against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty * * *

■ We thus consider once again[2] the statute of limitations most applicable to the Civil Rights Acts, there being no period of limitation provided by Congress. We start with agreed law that we seek that state limitation period which seems best to effectuate the federal policy underpinning the claims asserted.[3] This principle is variously phrased in the cases, but the goal is simply the application of the same limitation period to the federal action as would be applied if a similar civil rights action could be brought under a state law in the state court.[4] Agreement ceases at this point, however, on which period of limitation is most applicable, as the facts of the various cases diverge, as well as the provisions of the various state statutes arguably applicable thereto.

Although in many cases in this area search must be had by analogy for that statute most nearly applicable to the charges made, in this case we need not so grope. The bill of complaint charges unlawful conduct by the defendant law enforcement officers acting in their official capacities,[5] and the state statute of limitations found in R.S.Mo. § 516.130(1) (1969) explicitly pertains to an action against an "officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty * * *."[6]

2. Warren v. Normal Realty Co., No. 74–1459, 513 F.2d 730 (8th Cir., 1975); Hulstine v. Moss, No. 74–1438 (8th Cir., December 4, 1974); Reed v. Hutto, 486 F.2d 534 (8th Cir. 1973); Johnson v. Dailey, 479 F.2d 86 (8th Cir.), cert. denied, 414 U.S. 1009, 94 S.Ct. 371, 38 L.Ed.2d 246 (1973); Savage v. United States, 450 F.2d 449, 451–52 (8th Cir. 1971), cert. denied 405 U.S. 1043, 92 S.Ct. 1327, 31 L.Ed.2d 585 (1972); Glasscoe v. Howell, 431 F.2d 863 (8th Cir. 1970).

3. Savage v. United States, 450 F.2d 449, 451 (8th Cir. 1971), cert. denied, 405 U.S. 1043, 92 S.Ct. 1327, 31 L.Ed.2d 585 (1972).

4. Warren v. Norman Realty Co., No. 74–1459, 513 F.2d 730 (8th Cir., 1975); Glasscoe v. Howell, 431 F.2d 863, 864 (8th Cir. 1970), and cases therein cited.

5. That Defendants and each of them as designated was [sic], at all times herein mentioned

agents of the Federal Bureau of Investigation and was [sic] so acting within the purpose and scope of said agency, service and employment, and as such the Defendants and each of them prior to September, 1967, did enter into a conspiracy to violate Plaintiff's Constitutional Rights and Plaintiff's Civil Rights while acting under the *Color of Law.* [Emphasis in original.]

6. R.S.Mo. § 516.130(1) (1969) provides:
   *What actions within three years.—*
   Within three years:
   (1) An action against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution or otherwise * * *

The courts of Missouri have strictly construed statutes of limitation. As was noted in Kaufman v. C.R.A., Inc., 243 F.Supp. 721, 726 (W.D.Mo.1965):

> The Supreme Court of Missouri has consistently held that Missouri Statutes of Limitations are to be strictly construed, neither to be extended to embrace cases not within the specific exemptions enumerated nor enlarged upon because of cases of hardship. Hunter v. Hunter, 237 S.W.2d 100, 104 (Mo.1951); Black v. City National Bank & Trust Company, 321 S.W.2d 477, 480 (Mo.1959).

Black v. City National Bank and Trust Company, relied upon by our controlling court, expresses an additional rule of decision that we must follow. That case held:

> "Statutes of limitation are favored in the law, and cannot be avoided unless the party seeking to do so brings himself strictly within some exception," Shelby County v. Bragg, 135 Mo. 291, 36 S.W. 600, 602; Hunter v. Hunter, Mo.Sup., 237 S.W.2d 100[8], and the exceptions provided for by the Legislature are not to be enlarged by the courts upon considerations of apparent hardship. [321 S.W.2d at 480].

The Missouri courts, moreover, consistent with their policy of strict construction, have been reluctant to reclassify a cause of action in order to bring it within a longer period of limitation. Thus in National Credit Associates, Inc. v. Tinker, 401 S.W.2d 954 (Mo.Ct.App.1966) the question presented was whether a claim against a doctor for alleged deficiencies in treatment was governed by the malpractice limitation statute, or the longer limitation statute pertaining to fraud.

In holding the malpractice limitation applicable the court reasoned that "the plain limitation which the Legislature has fixed for malpractice suits" could not be by-passed by pleading the cause as one in fraud, since the gravamen or gist of the action controlled the limitation period regardless of the form thereof. 401 S.W.2d at 957, 959. Here, as well, stripped of unnecessary verbiage, the thrust of the charge made is that of unlawful conduct of officers acting at all times within the purpose and scope of their agency, a wrong specifically covered by R.S.Mo. § 516.130(1) (1969).[7] The protection of the constitutionally assured civil rights of our people enunciated in part in 42 U.S.C. § 1985 thus finds parallel in R.S.Mo. § 516.130(1) (1969), addressed to actions against officers upon liabilities incurred by them in the doing of acts in their official capacity.

We are satisfied that the Federal policy underpinning the claims now before us is best effectuated, upon the facts and pleadings before us, by the Missouri limitation provision cited, and that had this action, or a suit similar thereto, been brought in the state court, the state statute pertaining to the unlawful conduct of officers would have governed the action. See Hulstine v. Moss, No. 74–1438 (8th Cir., December 4, 1974).

In view of the provisions of R.S.Mo. § 516.130(1) (1969) the action before us may not be maintained because of the late date upon which it was commenced.

We have carefully considered other points submitted by plaintiff and find them without merit.

Affirmed.

---

7. *See* Vanderboom v. Sexton, 422 F.2d 1233, 1237 (8th Cir.), cert. denied, 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970), a case involving alleged securities fraud. In seeking the limitation that "best effectuates the federal policy at issue" the court held: "this is the proper statute of limitations to apply since it deals expressly with the sale of securities."