Richard J. LYNN, Plaintiff,

v.

John C. DANFORTH, Defendant.

No. 74 CV 213–C.

United States District Court,
W. D. Missouri, C. D.

Dec. 8, 1976.

Walter R. Simpson, Sheridan, Sanders, Carr, White & Mason, Kansas City, Mo., for plaintiff.

J. Paul Allred, Jr., Asst. Atty. Gen., Jefferson City, Mo., for defendant.

## FINDINGS AND OPINION

ELMO B. HUNTER, District Judge.

On November 25, 1974, plaintiff Richard J. Lynn filed his complaint under 42 U.S.C. Section 1983 against defendant John C. Danforth alleging that on November 26, 1969, defendant acting in his official capacity as the elected and acting Attorney General of the State of Missouri and under the color of the authority of the Missouri State Liquor Control seized plaintiff's boat, the "River Queen" in the name of the State of Missouri under the provisions of Section 311.380 RSMo on the ground that the River Queen was illegally transporting intoxicating liquor in the state of Missouri. Plaintiff asserts that at the time of his seizure there was no intoxicating liquor aboard the River Queen, which defendant knew or should have known at the time of such seizure of the vessel at its moorings on the Missouri River at St. Joseph, Missouri. The above action by defendant, according to plaintiff, deprived plaintiff of his constitutional right to be secure against unreasonable searches and seizures (Fourth and Fourteenth Amendments) and deprived him

of property without due process of law secured by the Fourteenth Amendment to the Constitution of the United States "by wrongful conversion of his property by a state official under color of state law."

Plaintiff prayed for actual damages in the sum of $50,000.00 and further alleging intentional and malicious misconduct by defendant, asked punitive damages in the sum of $500,000.00. On July 17, 1976, again relying on 42 U.S.C. Section 1983, plaintiff filed his amended complaint in two counts. In Count I in addition to his originally filed claims of illegal seizure of the River Queen he added that under the provisions of Section 311.840 RSMo the defendant signed and filed about 8:00 p. m. the evening of November 26, 1976, a petition to declare the River Queen contraband and forfeited. (See *State v. Brady,* S.Ct.Mo., 1971, 472 S.W.2d 356, for the history and result of this forfeiture case.) Plaintiff asserted that defendant kept the vessel under seizure and in his possession until April 25, 1970, during which time the vessel was extensively damaged. Also in Count I of his amended complaint plaintiff asserted that defendant's conduct deprived him of the constitutional right to be secure against unreasonable and warrantless seizure of his property under the Fourth Amendment to the Constitution of the United States, and his right not to be deprived of property without due process of law and the right to equal protection of the laws secured by the Fourteenth Amendment "by wrongful conversion of his property by a state official under color of state law". He again asked $50,000.00 in actual damages. In Count II he realleged Count I, adding that defendant's actions were intentional, malicious and in bad faith and requested punitive damages in the sum of $500,000.00.

Defendant by way of defense, among others, moved to dismiss the action because (1) it fails to state a claim under laws of the United States, particularly under Section 1983, upon which plaintiff relies; (2) that defendant is immune from any liability to plaintiff under Section 1983, for the acts complained of by plaintiff; and (3) that

"the statute of limitations of three years bars plaintiff's claim which plaintiff alleges arose on November 26, 1969. Defendant also has moved for summary judgment on basically the same grounds. Because the Court deems the Statute of Limitations issue to be dispositive of the case, that asserted defense is the only one which the undersigned Judge will discuss and rule.

### The Statute of Limitations Issue

■ Since there is no limitation provision contained in the civil rights acts, these actions are governed by the most applicable statute of limitation for the state (here, Missouri) in which the particular action accrues. As stated in *Peterson v. Fink,* 515 F.2d 815, 816 (8th Cir. 1975): "We start with the agreed law that we seek that state limitation period which seems best to effectuate the federal policy underpinning the claims asserted. This principle is variously phrased in the cases, but the goal is simply the application of the same limitation period to the federal action as would be applied if a similar civil rights action could be brought under a state law in the state court."

■ Looking to the various statutes of limitation of the Missouri laws, the state statute of limitation that is to be applied is the one set out in Section 516.130 V.A.M.S. That section provides:

"Within three years:

(1) An action against a sheriff, coroner *or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office,* . . . ." (Emphasis added.)

It is indisputable from the face of the complaints filed that defendant Danforth was a state officer doing an act in his official capacity and in virtue of his office, for which action plaintiff seeks to hold him liable. Thus, there is no need to agonize over possible analogies when it is so apparent that Section 516.130 V.A.M.S. fits the settled test for determining which state statute of limitations period is to be used. This case in principle is not unlike the one presented in *Peterson v. Fink, supra,* which

considered Missouri's five-year and three-year statute of limitations and held that federal enforcement officers charged with acting in their official capacity in using false evidence for arrest and indictment as a sham to search plaintiff's home contrary to plaintiff's Fourth Amendment and civil rights were entitled to rely on Missouri's three year statute of limitations under Section 516.130(1) rather than the five year one contained in Section 516.120(3) and (4) of RSMo.

The undersigned Judge finds and holds that the federal policy underpinning the claims presented by the pleadings in this case is best effectuated by the cited Missouri three year limitations period, and that had this action, or a suit similar to it, been brought in the state court, the state statute of limitations pertaining to the unlawful conduct of state officers (516.130(1) V.A.M.S.) would have governed the action.

In view of the fact that both the original complaint and the amended complaint show on their face that the cause of action which plaintiff here asserts arose more than three years before suit was filed, the action may not be maintained because of the late date upon which it was commenced.[1]

In view of the above holding, there is no need to consider other defenses raised by defendant. Accordingly, this action is hereby dismissed.

It is so ordered.

---

1. The complaint shows that plaintiff claims no damage or wrongful possession by defendant occurring after April 25, 1970. Thus, no matter how viewed, plaintiff's asserted causes of action arose more than three years before this suit was filed.