**Robert EDWARDS, Plaintiff,**

v.

**EMERSON ELECTRIC COMPANY,
Defendant.**

**No. 79–286–C(3).**

United States District Court,
E. D. Missouri, E. D.

Aug. 9, 1979.

David A. Lang, St. Louis, Mo., for plaintiff.

Thomas M. Hanna, Clayton, Mo., for defendant.

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court on defendant's motion for summary judgment. Plaintiff brought this action pursuant to Title 42 U.S.C. § 1981 alleging racial discrimination in employment. Specifically, plaintiff alleged that his civil rights were violated by his removal from a job as an inspector pursuant to Emerson's seniority policy and by his subsequent lay off and termination. For the reasons stated below the defendant's motion must be granted.

A review of the record, including defendant's uncontradicted affidavit in support of its motion, reveals that the most recent incident which forms the basis of plaintiff's complaint occurred on November 19, 1973. Plaintiff then filed a complaint to the E.E. O.C. and subsequently brought suit under 42 U.S.C. § 2000e et seq., *Edwards v. Emerson Electric Company*, No. 76–779 C (4). On January 14, 1977, however, plaintiff, with leave of court, dismissed his cause without prejudice. The same facts form the basis of plaintiff's § 1981 claim in the instant action, filed on March 18, 1979.

The applicable statute of limitations in a § 1981 action is Mo.Rev.Stat. § 516.120 which provides for a five year period within which an action must be brought. See also *Greene v. Carter Carburetor Co.*, 532 F.2d 125 (8th Cir. 1976). The plaintiff is therefore clearly out of time and this Court cannot hear the action. Accordingly, the motion will be granted and the complaint will be dismissed.