Nathaniel Errol SMITH, Plaintiff,

v.

Warden L. STAMPS, Warden of City Jail, Sheriff Benjamin L. Goins, Defendants.

No. 80–254C(C).

United States District Court, E. D. Missouri, E. D.

April 3, 1980.

Nathaniel Errol Smith, pro se.

Acting Counselor Eugene Freeman, Asst. City Counselor Michael E. Hughes, St. Louis, Mo., for defendants.

MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court on the motion to dismiss plaintiff's complaint filed by defendant Willis A. Roberts, Superintendent of the St. Louis Municipal Jail. For the reasons stated below, defendant's motion will be granted.

Plaintiff filed this *pro se* complaint alleging that while an inmate at various state correctional facilities during the months of June and July, 1976, his civil rights were violated by the state officials in charge of these facilities. Plaintiff invokes the jurisdiction of this court on the basis of 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

Defendants are Warden L. Stamps, individually and as the warden of the St. Louis City Workhouse; Sheriff Benjamin L. Goins, individually and as sheriff of the City of St. Louis, Missouri; and Willis A. Roberts, warden of the St. Louis City Jail. Defendant Roberts filed his motion to dismiss this action on the basis that it is barred by the applicable Missouri statute of limitations, Section 516.130, Mo.Rev.Stat. (1979).

■ Plaintiff admits that the alleged civil rights violations of which he complains occurred no later than July, 1976. His complaint in this cause was filed February 21, 1980. After a careful review of the facts in plaintiff's complaint, it is clear that plaintiff's action must be dismissed because it is barred by the three-year Missouri statute of limitations, Section 516.130, Mo.Rev.Stat. (1979).

■ Plaintiff's complaint arises principally under the civil rights laws, 42 U.S.C. §§ 1981, *et seq.* Because these statutes do not provide any period of limitation, the federal courts must apply that state limitation period which seems best to effectuate the federal policy underpinning the claims asserted, so as to apply the same limitation to the federal action as would be applied if similar civil rights actions could be brought under state law in the state courts. *Peterson v. Fink*, 515 F.2d 815 (8th Cir. 1975). The Court finds that under Missouri law, Section 516.130, Mo.Rev.Stat. (1979), is most directly applicable in this case.

■ The Court is aware that plaintiff's complaint attempts to state a cause of action against the named defendants in their official as well as individual capacities. Although a *pro se* complaint is to be liberally construed, a careful review of the facts alleged by plaintiff discloses no cause of action is in fact maintainable against the named defendants individually.

Accordingly, plaintiff's complaint is dismissed with prejudice.