**Johnny W. NYLON, Plaintiff,**

v.

**CITY OF WELLSTON et al., Defendants.**

No. 80–1353C(2).

United States District Court, E. D. Missouri, E. D.

Feb. 3, 1981.

On Motion For Judgment on Pleadings March 23, 1981.

Johnny W. Nylon, pro se.

Jess W. Ullom, St. Louis, Mo., for City of Wellston.

Thomas W. Wehrle and Donald J. Weyerich, County Counselors, St. Louis, Mo., for George "Buzz" Westfall.

Clay Billingsley, Klutho, Cody & Kilo, St. Louis, Mo., for Duane France.

## MEMORANDUM

NANGLE, District Judge.

This case is now before the Court on the motions of the various defendants to dismiss. Plaintiff brought this suit pursuant to 42 U.S.C. § 1983 seeking redress for an allegedly unconstitutional confiscation and destruction by defendants of plaintiff's automobile. Plaintiff alleges that on January 31, 1976, defendant France, a police officer then employed by the City of Wellston, Missouri, caused plaintiff's automobile to be seized as evidence of a crime, and that

pursuant to the directions of defendant Westfall, an assistant county prosecutor at the time, plaintiff's automobile was towed to the police department by the "Standard Towing for the City of Wellston,"[1] to be there impounded. Plaintiff further alleges that his automobile was later destroyed by defendants. He seeks extensive damages, plus costs and attorneys' fees.

■ The only allegation against the City of Wellston is that it "is liable for the conduct of those it employs under color of state law." Plaintiff's Complaint, Paragraph 3. It is clear, however, that respondeat superior is not a basis of liability in actions brought pursuant to 42 U.S.C. § 1983. *Monell v. N.Y. City Dept. of Social Services,* 436 U.S. 658, 663–664 n.7, 690–695, 98 S.Ct. 2018, 2022 n.7, 2035–38, 56 L.Ed.2d 611 (1978). As plaintiff does not claim that the actions of the other defendants were the result of an official custom or policy of the City of Wellston, plaintiff's complaint will be dismissed as to this defendant. Cf. *Monell,* id.

■ The allegations against defendant Westfall relate to actions taken by him pursuant to his position as prosecutor, and in pursuance of his duties of investigating, initiating and pursuing a criminal prosecution. As such, Westfall is entitled to absolute immunity from suit. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Keating v. Martin,* 638 F.2d 1121 (8th Cir. 1980). This suit will be dismissed as to defendant Westfall.

■ Defendant France moves to dismiss on the ground that plaintiff fails to allege that France acted in bad faith in the events in question. Though qualified immunity

may be available to this defendant, *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Landrum v. Moats,* 576 F.2d 1320 (8th Cir. 1978), it is not incumbent upon plaintiff to include allegations which would defeat this qualified immunity. *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). Rather, defendant must raise this issue as an affirmative defense. Id. The other arguments now presented by defendant France are without merit. His motion to dismiss will be denied.

## MEMORANDUM

### On Motion For Judgment on the Pleadings

This case is now before the Court on various motions brought by plaintiff and defendant France. This Court has previously dismissed plaintiff's complaint as to defendants Westfall and the City of Wellston.[1] See Order of February 3, 1981.

Initially, plaintiff has moved for judgment on the pleadings as to all defendants, since they have yet to file an answer to plaintiff's complaint. All defendants, however, with the exception of "The Standard Towing for the City of Wellston," which appears to be a non-existent entity, timely filed motions to dismiss in response to plaintiff's complaint. Plaintiff's motion for judgment on the pleadings will therefore be denied.

■ Defendant France has filed a second motion to dismiss. In this motion, defendant claims that plaintiff's suit is, on its face,

---

1. The Standard Towing for the City of Wellston is named as a defendant herein. No such entity has been served, however, and this putative defendant is not now before the Court.

1. After the issuance of this Court's Order dismissing as to defendant City of Wellston, plaintiff filed a memorandum in opposition to such dismissal. This Court has considered that memorandum, as well as plaintiff's motion to rescind and/or vacate the Order of this Court of February 3, 1981. The arguments presented in these memoranda do not convince this Court

that its Order of February 3, 1981 was incorrect. Though plaintiff argues in these memoranda that defendants' actions were pursuant to the City's customs, policies and ordinances, the simple fact remains that the only allegation in the complaint directed to the City, even when liberally construed, is that "it is liable for the conduct of those it employs under color of state law." Such an allegation fails to state a cause of action. Plaintiff's motions to rescind and/or vacate this Court's previous Order will be denied.

barred by the applicable statute of limitations. Plaintiff's allegations against this defendant relate to his activities as a police officer of the City of Wellston. As such, this suit is governed by the three year statute of limitations provided in § 516.130(1), R.S.Mo. (1969). *Peterson v. Fink*, 515 F.2d 815 (8th Cir. 1975); *Lynn v. Danforth*, 423 F.Supp. 557 (W.D.Mo.1976); *Smith v. Stamps*, 489 F.Supp. 81 (E.D.Mo.1980). That section applies to actions against an officer for liability incurred by the doing of an act in his official capacity or by virtue of his office.

The confiscation and destruction of plaintiff's automobile involved herein occurred, according to plaintiff's complaint, prior to March 28, 1976. This suit was not filed until October 20, 1980, well beyond the applicable limitations period. Defendant France's motion to dismiss will therefore be granted.

Plaintiff has filed a motion to strike defendant's demurrer, which is basically a memorandum in opposition to defendant France's motion to dismiss. This motion will be denied.

The above rulings leave "The Standard Towing for the City of Wellston" as the only remaining defendant. As stated earlier, this defendant has not answered. This Court doubts, however, that such a defendant actually exists. Initial attempts to serve "Wellston Standard Service Station Towing Service" were unsuccessful. According to the Marshal's return, checks with the Wellston Police Department and business directories revealed no such business operating in Wellston. After plaintiff amended his complaint to change the name of this putative defendant, the Wellston City Clerk accepted service of process. No answer has been filed, however.

In any event, regardless of whether such a defendant exists, the applicable statute of limitations bars plaintiff's suit herein against such a defendant. This defendant is alleged to have conspired with the other defendants to destroy plaintiff's automobile. The same statute of limitations applicable to defendant France would be applicable to this putative defendant. Plaintiff's complaint will therefore be dismissed in its entirety.