Lawrence M. GIBBONS and Norma Miller, and Margaret B. Moynhihan, Mary McLiney, Melvin Payne and Gerald F. Wren, Appellees,

v.

Christopher S. (Kit) BOND and Ray S. James, Appellants.

No. 81–1990.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1981.

Decided Jan. 14, 1982.

Arthur A. Benson, II, argued, Kansas City, Mo., for appellees.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., argued, Jefferson City, Mo., for appellants.

Before ROSS and STEPHENSON, Circuit Judges, and HOWARD, District Judge.[*]

ROSS, Circuit Judge.

This is an appeal from a final judgment[1], 523 F.Supp. 843, entered September 1, 1981, granting plaintiffs injunctive relief prohibiting defendants from dismissing them from their positions as branch office managers in the Missouri Department of Revenue.

*Facts*

Plaintiffs Gibbons and Miller filed this action on April 27, 1981, alleging violations of plaintiffs' first and fourteenth amendment rights for having been terminated or threatened with termination solely on the basis of their political affiliation.[2] The factual basis for these allegations is set out in the district court's order and memorandum of September 1, 1981, and will be briefly summarized here.

Defendant Bond, a Republican, was elected Governor of Missouri in November 1980. Defendant James, also a Republican, was appointed by Bond as Director of Revenue on January 12, 1981. At the time Bond and James came into office the branch managers were either Democrats who had been appointed under the previously Democratic administration or were persons who had been sponsored by politically active Democrats. All persons selected by Bond and James to replace the plaintiffs are affiliated with the Republican Party.

The district court held that the dismissals of the plaintiffs were wholly based on political affiliation and that political affiliation is an inappropriate requirement for the effective performance of the job of branch manager. The court permanently enjoined

defendants from removing plaintiffs from their positions on account of their political affiliation. Defendants appeal. We affirm.

*Discussion*

This case is governed by the Supreme Court cases of *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) and *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980) in which the Court held that dismissals of public employees were improper because the dismissals were based solely on the employees' political beliefs. The Court established an exception to this rule where "the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved." *Branti v. Finkel, supra*, 445 U.S. at 518, 100 S.Ct. at 1294–95.

Defendants in the present case argue that the district court erred in finding that political affiliation was the sole cause of the dismissals and in finding that political affiliation was not an appropriate requirement for the effective performance of the office of branch manager.

■ We affirm the district court because we do not find its holding to be clearly erroneous. The court's finding that the terminations were motivated wholly by plaintiffs' political affiliation was based on testimony by two newspaper reporters who stated that James told them in interviews that the dismissals were wholly politically motivated. It is for the trial court to judge the credibility and weight of a witness's testimony. *United States v. Poitra*, 661 F.2d 98 (8th Cir. 1981).

■ The court's finding that political affiliation is not an appropriate requirement for effective performance of the position of branch managers was based on a review of

---

[*] The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas, sitting by designation.

[1] The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri, Western Division.

[2] Plaintiffs Moynhihan, McLiney, Payne and Wren were subsequently allowed to intervene after they received notice that they were being terminated as branch office managers.

the job description then in force, the relationship between the branch managers and their supervisors and testimony of the managers and defendant James as to the actual role of the branch managers. After a careful review of the record and the briefs in this case we hold that these findings were not clearly erroneous and thus we affirm based on the judgment of the district court.