**Theodis BROWN, Plaintiff,**

v.

**ST. LOUIS POLICE DEPARTMENT OF the CITY OF ST. LOUIS, et al., Defendants.**

**No. 81–1279C(2).**

United States District Court, E. D. Missouri, E. D.

Jan. 26, 1982.

Robert J. Reinhold, St. Louis, Mo., for plaintiff.

Judith A. Ronzio, Associate City Counselor, St. Louis, Mo., for defendants.

## MEMORANDUM

NANGLE, District Judge.

This case is now before this court on the motion of the defendants to dismiss plaintiff's complaint. Defendants contend that plaintiff is barred from asserting his claim because the applicable three-year statute of limitations set forth in Mo.Rev.Stat. § 516.-130 has passed.

Plaintiff's cause of action arises out of his employment with the St. Louis Police Department. He alleges that he has a cause of action pursuant to 42 U.S.C. §§ 1981, 1983, and 1985. He claims that defendants illegally terminated his job in October of 1976 because of his race. Therefore the last illegal act that defendants allegedly committed was in 1976, at least five years ago. This action was filed on October 15, 1981.

It is clear that the applicable Missouri statute of limitations in this cause of action is Mo.Rev.Stat. 516.130(1) which provides a three-year statute for "[a]n action against a sheriff, coroner, or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty . . . ." Defendants in this action are the Saint Louis Police Department and the members of the Board of the Police Department, sued by plaintiff in their official capacities. Plaintiff alleges that it was the practices and policies of the defendants that illegally discriminated against plaintiff because of his race. As a rule courts have found the three-year statute of limitations embodied in Mo.Rev.Stat. § 516.130 applicable when a complaint charges unlawful conduct by law enforcement officers or public officials acting in their official capacity. *Green v. Ten Eyck*, 572 F.2d 1233 (8th Cir. 1978); *Peterson v. Fink*, 515 F.2d 815 (8th Cir. 1972).

Accordingly, plaintiff's complaint shall be dismissed.