**Earl E. BANDLOW, Plaintiff,**

v.

**Ray S. JAMES, and Dr. James T. Le Page, Defendants.**

No. 82–0195–CV–W–5.

United States District Court, W. D. Missouri, W. D.

June 24, 1982.

---

William F. Burns, Burns & Humphrey, Independence, Mo., for plaintiff.

Paul Otto, Asst. Atty. Gen., State of Mo., Jefferson City, Mo., for defendants.

## ORDER AND MEMORANDUM

SCOTT O. WRIGHT, District Judge.

The plaintiff initially filed suit under 42 U.S.C. §§ 1983, 1985, 1986 and 1988, alleging that a violation of his constitutional rights occurred when his job as a Branch Manager for the Missouri Department of Revenue was terminated by officials of the State of Missouri on April 19, 1977. The defendants moved to dismiss those claims on the ground that they are barred by the applicable Missouri statute of limitations. The plaintiff then filed his First Amended Complaint, alleging that the actions of the State officials also violated his constitutional rights protected under 42 U.S.C. § 1981. In response to the Amended Complaint, the defendants moved to dismiss the Section 1981 on the ground that it fails to allege a claim on which relief could be granted because the plaintiff has not and cannot allege that his termination as a Branch Manager was based on race. For the reasons which follow, the Court dismisses the plaintiff's complaint on the ground that it is barred by the applicable Missouri statute of limitations and, in the alternative, dismisses the plaintiff's Section 1981 claim on the ground that it fails to state a cause of action on which relief might be granted.

### I.

This cause of action closely resembles another cause of action recently tried by this Court. *Gibbons v. Bond,* 523 F.Supp. 843 (W.D.Mo.1981), *aff'd,* 668 F.2d 967 (8th Cir. 1982). In the *Gibbons* case, the Republican administration presently governing the executive branch of the State of Missouri was enjoined from terminating certain incumbent Branch Managers of the Missouri Department of Revenue on the basis of their political affiliation. The plaintiff, in the case at bar, claims to have been a Branch Manager who was terminated by the previous Democratic administration which took office in 1977 and which was defeated by the present Republican administration. He asserts that he was notified by a letter from an official of the Missouri Department of Revenue that he would be terminated from

his job as a Branch Manager on April 19, 1977, and that his termination was based wholly on his political affiliation. For the purposes of these motions to dismiss, the Court assumes that each of the plaintiff's assertions are true.

### A. *Statute of Limitations.*

◼ With respect to the defendants' initial motion to dismiss the plaintiff's complaint, the parties agree that the applicable limitations period began to run on April 19, 1977 when the plaintiff was given notice of his allegedly unconstitutional termination. *See, Chardon v. Fernandez,* 454 U.S. 6, 102 S.Ct. 28, 29, 70 L.Ed.2d 6 (1981) (per curiam). The parties disagree, however, with respect to which Missouri statute of limitations applies to the plaintiff's claims. The plaintiff contends that the generalized five-year period of limitation applies. *See,* Section 516.120, RSMo 1978. The defendants, on the other hand, contend that the more particularized three-year period of limitations is the most applicable. *See,* Section 516.130(1), RSMo 1978. Since the federal civil rights laws do not provide for a specific period of limitation, the most appropriate one supplied by Missouri law must be applied. *Johnson v. Railway Express Agency,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975).

In order to determine which state statute of limitations is the most appropriate in light of plaintiff's cause of action against officials of the State of Missouri, this Court must first determine what is the essential "thrust" of the cause of action. *Green v. Ten Eyck,* 572 F.2d 1233 (8th Cir. 1978). A paraphrasing of paragraph Seventeen of the plaintiff's First Amended Complaint in the light of the entire complaint best captures the essential "thrust" of the plaintiff's cause of action. In paragraph Seventeen, the plaintiff states that he, as a former employee of the State of Missouri, was unconstitutionally terminated by officials of the State of Missouri because of his affiliation with the Republican party.

In every case involving a Section 1983 claim against officials of the State of Mis-

souri for actions in violation of the United States Constitution, a three-year period of limitations has been applied. *White v. Bloom,* 621 F.2d 276 (8th Cir. 1980); *Lynn v. Danforth,* 423 F.Supp. 557 (W.D.Mo. 1976). In the *Lynn* case, for example, the plaintiff sued the Attorney General of the State of Missouri under Section 1983 for the wrongful conversion of his boat in violation of his Fourth Amendment right to be free from unreasonable searches and seizures. The District Court, in finding that the plaintiff was accusing a state official of engaging in an illegal act while clothed in his official capacity, held that the Missouri three-year period of limitations embodied in Section 516.130(1) was the most appropriate period of limitations. That Section provides that the following actions must be commenced within three years:

> Any action against a sheriff, coroner or *other officer,* upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution or otherwise;

Section 516.130(1), RSMo 1978 (emphasis added). Similarly, Section 516.130(1) has been held to contain the most appropriate period of limitations when non-state officials have allegedly committed an unconstitutional act while engaging in their official duties. *Green v. Ten Eyck,* 572 F.2d 1233, 1239 (8th Cir. 1978) (city mayor and building commissioner); *Peterson v. Fink,* 515 F.2d 815, 816 (8th Cir. 1975) (federal officers). Thus, plaintiff's claims under Sections 1983, 1985 and 1986 against state officials are barred by the three-year period of limitations.

Though the Court ultimately concludes in Subsection B of this opinion that the plaintiff's 1981 claim should be dismissed for failure to state a claim, the Court would, in the alternative, also dismiss the Section 1981 claim on the ground that it is barred by the three-year Missouri statute of limitations. *See,* Section 516.130(1), RSMo 1978. The plaintiff has asserted that any action which involves a Section 1981 claim is al-

ways governed by the general five-year period of limitations. *See*, Section 516.120, RSMo 1978. The plaintiff's assertion, however, does not comport with the law of this Circuit. In each of the cases cited by the plaintiff in support of his proposition that the five-year period is always applicable to Section 1981 claims, the courts were concerned with unconstitutional racial discrimination claims against *private* employers. *See, Harris v. Norfolk & Western Railway Co.*, 616 F.2d 377 (8th Cir. 1980); *Drake v. Southwestern Bell Telephone Co.*, 553 F.2d 1185 (8th Cir. 1977); *Edwards v. Emerson Electric Co.*, 475 F.Supp. 502 (E.D.Mo.1977). In the case at bar, the plaintiff has alleged unconstitutional racial discrimination against state officials who were acting as *state* employers. Where there is not a more particularized statute which might be applicable, *see, e.g., Ten Eyck, supra* (applying 180-day statute of limitations under Section 213.127(1), RSMo 1978 to housing discrimination action against officials), the three-year statute of limitations contained in Section 516.130(1) should be applied to actions against state officials regardless of whether the cause of action is pled under Section 1981, 1983, 1985 or 1986.

The plaintiff's assertion that the five-year period is always applicable to Section 1981 claims is additionally undermined by the *Ten Eyck* case. In *Ten Eyck*, the Circuit Court applied a 180-day statute of limitations to a housing discrimination action brought under Section 1981 against a city mayor and building commissioner. *Ten Eyck, supra*, at 1237–38 (applying Section 213.127(1), RSMo 1978). It found that the more particularized Missouri Discriminatory Housing Practices Law provided the most appropriate limitations period. *Id.* at 1237. This case clearly demonstrates that all Section 1981 claims are not governed by the generalized five-year period of limitations. If the plaintiff has stated a Section 1981 cause of action against the state officials, the action is nonetheless barred by the three-year period of limitations applicable to acts or omissions of state officials.

**B.** *Failure to State a Section 1981 Claim.*

In his First Amended Complaint, the plaintiff alleges that this termination by state officials from his job as a Branch Manager violated rights protected by Section 1981. He does not, however, allege that the basis for his termination was race; rather, he contends that his termination was based solely on his political affiliation. The defendants have moved to dismiss the Section 1981 claim on the ground that it fails to state a claim since no allegations of racial discrimination were made or could be made. In response to that motion, the plaintiff has argued that he was not discriminated against on the basis of race but was "discriminated against because of prejudice against a selected group—Republicans." Plaintiff's argument, though commendable for its imagination, has no basis in the law.

Section 1981 is, "by its very terms, limited to acts of racial discrimination." *Brady v. Bristol Meyers, Inc.*, 459 F.2d 621, 623 (8th Cir. 1972); *Olson v. Rembrandt Printing Co.*, 375 F.Supp. 413, 417 (E.D.Mo. 1974) (citing *Jones v. Mayer Co.*, 392 U.S. 409, 436, 88 S.Ct. 2186, 2201, 20 L.Ed.2d 1189 (1968)). The legislative history of Section 1981 indicates that Congress intended to protect a limited category of rights, specifically defined in terms of racial equality. *Georgia v. Rachel*, 384 U.S. 780, 781, 791, 86 S.Ct. 1783, 1784, 1789, 16 L.Ed.2d 925 (1966). Since plaintiff has failed to allege in any manner that his termination by the defendants was based on race, his Section 1981 claim must be dismissed.

II

Accordingly, it is hereby

ORDERED that defendants' motion to dismiss the plaintiff's claims on the ground that they are barred by the applicable Missouri statute of limitations is granted. It is further

ORDERED that the defendants' motion to dismiss plaintiff's Section 1981 action on the ground that it fails to state a claim on which relief might be awarded is granted. It is further

ORDERED that the parties bear their respective costs.