William W. FOSTER, Appellant,

v.

Bill ARMONTROUT, Associate Warden and Captain Tucker, Guard Captain, Appellees.

No. 83–1275.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1984.

Decided March 16, 1984.

Kathleen K. Jenkins, Hillix, Brewer, Hoffhaus & Whittaker, Kansas City, Mo., for appellant.

John Ashcroft, Atty. Gen., Kelly Mescher, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BRIGHT, Circuit Judge.

BRIGHT, Circuit Judge.

On December 2, 1981 William Foster, an inmate at the Missouri State Penitentiary, brought this action under 42 U.S.C. § 1983 against Bill Armontrout, the Associate Warden, and Captain Tucker, the Guard Captain. In his pro se complaint, Foster alleged *inter alia* that in August of 1974 he was stabbed and beaten by other inmates just after defendants denied his request for protection.

The district court[1] dismissed Foster's case as untimely, applying Missouri's three-year statute of limitations governing actions against a sheriff, coroner, or other officer. Foster appeals, arguing that our decision in *Garmon v. Foust*, 668 F.2d 400 (8th Cir.) (en banc), *cert. denied*, 456 U.S. 998, 102 S.Ct. 2283, 73 L.Ed.2d 1294 (1982), compels application of either the five-year limitations period governing actions based upon liability created by statute or the ten-year "catch-all" period for actions not specifically enumerated in other limitations provisions. We disagree and, accordingly, affirm the district court's order applying Missouri's three-year statute of limitations.

I. *Discussion.*

A. *Statute of Limitations.*

Congress did not prescribe a specific statute of limitations for actions brought under 42 U.S.C. § 1983. The controlling limitations period for such an action is, therefore, the most appropriate one provided by state law. *Johnson v. Railway Express Agency*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975).

In *Garmon*, we considered which Iowa statute of limitations was appropriate in a section 1983 action: "the statute governing an action based on the underlying conduct of the defendant, or the state's general, 'catch-all' statute of limitations." *Garmon v. Foust, supra*, 668 F.2d at 401.[2] There, Mark Garmon brought an action for damages under 42 U.S.C. § 1983 against three Des Moines police officers, alleging that as a result of an illegal search and seizure, he suffered severe emotional distress, damage to his reputation, and impaired earning capacity. The officers sought summary judgment, arguing that Iowa's two-year statute of limitations governing actions for injuries to person or reputation barred the action. We rejected the tort analogy, reasoning

---

1. The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

2. Iowa had no specific period of limitations for actions based upon liability created by statute,

but we did indicate that such a statute of limitations "may appropriately govern an unlimited federal civil rights action." *Garmon v. Foust, supra*, 668 F.2d at 406, note 11.

that Garmon's action could not be narrowly characterized as merely an action for injuries to his person and reputation. Such a characterization, we concluded, "unduly cramps the significance of section 1983 as a broad, statutory remedy" for the deprivation of federal constitutional rights. *Id.* at 406.

■ In the case before us, Warden Armontrout and Captain Tucker are not asking us to characterize Foster's action as one sounding in tort. No such characterization is necessary. Nor need we resort to analogy to determine which statute of limitations applies. Section 516.130(1) of the Missouri Statutes provides a three-year limitations period for

> [a]n action against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty * * *. Mo. Ann.Stat. § 516.130(1) (Vernon 1952).

The statute applies not only to tort actions, but to *any* action against a sheriff, coroner, or other officer acting in his or her official capacity. Therefore, by its terms, the three-year statute of limitation governs this action.

42 U.S.C. § 1988 [3] "authorizes federal courts to disregard an otherwise applicable state rule of law only if the state law is 'inconsistent with the Constitution and laws of the United States.'" *Board of Regents v. Tomanio,* 446 U.S. 478, 485, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980). "State legislatures do not devise their limitations periods with national interests in mind, and it is the duty of the federal courts to assure that the importation of state law will not frustrate or interfere with the implementation of national policies." *Occidental Life*

Ins. Co. v. EEOC, 432 U.S. 355, 367, 97 S.Ct. 2447, 2454, 53 L.Ed.2d 402 (1977). Congress intended section 1983 to supplement any available state remedy with a broad statutory remedy for alleged deprivations of federal constitutional rights under color of state authority. *See Monroe v. Pape,* 365 U.S. 167, 173–74, 81 S.Ct. 473, 476–477, 5 L.Ed.2d 492 (1961). Our choice of an appropriate state statute of limitations must not thwart this broad remedial purpose. *See Knoll v. Springfield Township School Dist.,* 699 F.2d 137, 142 (3d Cir.1983) (court refused to apply Pennsylvania's six-month statute of limitations governing suits against government officials to section 1983 action against school district and individual members of school board, because to do so "would contravene the remedial purpose of federal civil rights actions and deny appellant the breadth of § 1983's sweep"); *Childers v. Indep. School Dist. No. 1 of Bryan County, State of Oklahoma,* 676 F.2d 1338, 1343 (10th Cir.1982) (court refused to apply Oklahoma's six-month statute of limitations governing claims against a political subdivision or an employee to section 1983 action against school district and individual members of school board, because it is "inconsistent with the broad remedial purposes of the federal civil rights acts").

■ Missouri's statute of limitations governing actions against a sheriff, coroner, or other officer provides for a three-year limitations period. We believe this is "sufficiently generous * * * to preserve the remedial spirit of federal civil rights actions." *Shouse v. Pierce County,* 559 F.2d 1142, 1146 (9th Cir.1977) (court refused to apply Washington's thirty-day limita-

---

**3.** 42 U.S.C. § 1988 provides:

> The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this [Chapter and Title 18], for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient

in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause * * *.

tions period in a federal civil rights action, but indicated as suitable either a two-year or a three-year period). We have in the past held three-year statutes of limitations appropriate in section 1983 actions. *See, e.g., Chambers v. Omaha Public School District,* 536 F.2d 222 (8th Cir.1976) (applied Nebraska's three-year statute of limitations governing "actions upon liability created by federal statute" to section 1983 action against school district that refused to renew plaintiff's contract for allegedly discriminatory reasons); *Reed v. Hutto,* 486 F.2d 534 (8th Cir.1973) (applied Arkansas' three-year statute of limitations for actions found on "any * * * liability" to section 1983 action against prison officials).

Consistent application of Missouri's three-year statute of limitations to section 1983 actions against public officers by this court as well as the federal district courts in Missouri buttresses our conclusion that this limitations period is appropriate. *See White v. Bloom,* 621 F.2d 276, 280 (8th Cir.), *cert. denied,* 449 U.S. 995, 101 S.Ct. 533, 66 L.Ed.2d 292 (1980), 449 U.S. 1089, 101 S.Ct. 882, 66 L.Ed.2d 816 (1981) (section 1983 action against judge, prosecutor, and court-appointed defense counsel); *Green v. Ten Eyck,* 572 F.2d 1233, 1239 (8th Cir. 1978) (against city of Greendale, the mayor, and the building commissioner); *Peterson v. Fink,* 515 F.2d 815 (8th Cir.1975) (against federal law enforcement officers); *Webb v. Newbury,* 547 F.Supp. 621 (E.D. Mo.1982), *aff'd,* 705 F.2d 465 (8th Cir.1983) (against St. Louis County and certain police officers); *Brown v. St. Louis Police Dept.,* 532 F.Supp. 518 (E.D.Mo.1982), *aff'd on other grounds,* 691 F.2d 393 (8th Cir.1982) (against the police department and members of its board); *Nylon v. City of Wellston,* 512 F.Supp. 560 (E.D.Mo.1981) (against police officers); *Smith v. Stamps,* 489 F.Supp. 81 (E.D.Mo.1980) (against two wardens and a sheriff); *State of Missouri ex rel. Gore v. Wochner,* 475 F.Supp. 274 (E.D.Mo.1979), *aff'd on other grounds,* 620 F.2d 183 (8th Cir.), *cert. denied,* 449 U.S. 875, 101 S.Ct. 218, 66 L.Ed.2d 96 (1980) (against city and various city officials); *Lynn v. Danforth,* 423 F.Supp. 557 (W.D. Mo.1976) (against state attorney general).

### B. *Continuing Violations.*

Foster also alleges that, although the penitentiary hospital treated him initially for his stab wounds, his subsequent requests for medical treatment were denied. This refusal to provide medical treatment continued, according to Foster, through the filing of his complaint. Because the limitations period runs from the date of the last discriminatory act, Foster argues his claim is not barred.

The magistrate, in his report and recommendation approved and adopted by the district court, stated:

> While plaintiff alleges that he has been denied medical treatment since he suffered injuries as the result of the attack by other inmates, he does not allege the occasions upon which he sought treatment; he does not set forth any averment tending to indicate that these defendants were, or presently are, responsible for his medical care; and he does not set forth any claim for equitable relief.

Under these circumstances, we cannot say the district court erred in concluding that the statute of limitations had run.

### II. *Conclusion.*

The specific acts about which Foster now complains occurred over seven years before he filed his complaint. Having determined that Missouri's three-year statute of limitations is appropriate, we affirm the district court's judgment dismissing this action.[*]

---

[*] This dismissal is without prejudice to claims Foster may have and can specify that may fall within the three-year statute of limitations period.