Patrick Murray KEATING, Appellant,

v.

Ralph MARTIN, William O'Sullivan, Charles Williams, James Lyons, Henri Watson, Robert DeCoursey, Richard P. Sprinkle, and Harold Barrick, Appellees.

No. 80–1520.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 2, 1980.

Decided Dec. 9, 1980.

As Amended Dec. 31, 1980.

Patrick M. Keating, appellant pro se.

Russell D. Jacobson, Associate County Counselor and R. Jay Ingraham, County Counselor, Kansas City, Mo., for appellees, Sprinkle, Martin, O'Sullivan and Lyons.

Deacy & Deacy, Kansas City, Mo., Spencer J. Brown, Phillip B. Grubaugh, Kansas City, Mo., for defendant–appellee Harold Barrick.

J. F. Steineger, Steineger & Holbrook, P. A., Kansas City, Kan., for appellee Robert DeCoursey.

Before LAY, Chief Judge, GIBSON, Senior Circuit Judge, and HEANEY, Circuit Judge.

PER CURIAM.

Patrick Keating, pro se, appeals from the dismissal of an action brought under 42 U.S.C. § 1983. All of Keating's claims arise out of his state prosecution and conviction

for possession of a controlled substance.[1] The district court dismissed Keating's petition pursuant to F.R.C.P. 12(b)(1), (6). We affirm.

Keating alleges that actions taken by members of the Jackson County Attorney's office regarding his prosecution and the dismissal of charges against an informant, Sharon Pollard, violated his constitutional rights. It is also alleged that Assistant Jackson County Public Defender Henri Watson, who represented Pollard, had somehow acted to deprive Keating of his rights. The Honorable Richard P. Sprinkle of the 16th Judicial Circuit of Missouri is alleged to have met with Watson and a member of the prosecutor's staff to "arrange for the denial of admission into evidence" of certain materials which Keating planned to introduce at trial.

Keating also alleges that his rights were violated by Robert DeCoursey, at that time Assistant District Attorney of the 29th Judicial District of Kansas, who dismissed Kansas charges pending against Pollard. Finally, Keating maintains that the meeting held by Judge Sprinkle was at the recommendation of Harold Barrick, an official of the Missouri Bar Association, and who subsequently initiated disbarment proceedings against Keating.

■ Keating's claim regarding Judge Sprinkle fails by virtue of the doctrine of judicial immunity. A judge is deprived of his immunity from such suits only when he has acted in "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 355–57, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978); *McClain v. Brown*, 587 F.2d 389, 390 (8th Cir. 1978). It is clear that the actions complained of here were well within the judge's jurisdiction.

■ Prosecutors and their assistants also enjoy immunity from section 1983 actions so long as the actions complained of appear to be within the scope of prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). This

immunity is equally available to investigators for the state prosecutor for actions in connection with a criminal prosecution. *Atkins v. Lanning*, 556 F.2d 485, 488 (10th Cir. 1977); *Waits v. McGowan*, 516 F.2d 203, 206 (3rd Cir. 1975). *See Scheur v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Wilhelm v. Turner*, 431 F.2d 177, 180 (8th Cir. 1970), *cert. denied*, 401 U.S. 947, 91 S.Ct. 919, 28 L.Ed.2d 230 (1971). The allegations of Keating's complaint all arise from actions taken by prosecutors and their staff members in the course of performance of their official duties.

■ The district court held that the complaint was properly dismissed as to assistant public defender Henri Watson. It found that although Watson was an officer of the state court, he was not acting under color of state law and thus it did not have the necessary subject matter jurisdiction under section 1983. Subsequently this court, in *Dodson v. Polk County*, 628 F.2d 1104 (8th Cir. 1980), held that a county–employed public defender acts under color of state law in representing indigent defendants. In so holding we pointed out that a public defender enjoys a qualified immunity under section 1983. *Id.* at 1108. In *Gomez v. Toledo*, 446 U.S. 635, 641, 100 S.Ct. 1920, 1924, 64 L.Ed.2d 572 (1980) the Supreme Court made clear that in a section 1983 action against a public official whose position might entitle him to qualified immunity, a plaintiff need not allege that the official acted in bad faith in order to state a claim for relief and that the burden is on the defendant to plead good faith as an affirmative defense. The difficulty here with Keating's pleading is that there is no factual allegation of any action by Watson, who represented Pollard, which could have the effect of violating Keating's constitutional rights.

■ Finally, Keating's claim against the administrative chairman of the Missouri State Bar Association fails because the official did not act under color of state law.

---

1. All of the claims presented here were raised, either directly or indirectly in Keating's appeal

from his state court conviction. *See State v. Keating*, 551 S.W.2d 589 (Mo.1977).

Disbarment proceedings are considered to be quasi criminal in nature and attorneys subject to them are entitled to due process. *In Re Ruffalo*, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968). However, it is the Missouri Supreme Court which has the power to disbar attorneys. Under Missouri law any member of the bar may recommend the initiation of disciplinary proceedings against another member. Mo.Ann.Stat. § 484.200 (Vernon). Such actions are not considered as being made under color of state law merely by virtue of membership in the Missouri Bar Association. *Rhodes v. Meyer*, 225 F.Supp. 80, 92–93 (1963), *aff'd*, 334 F.2d 709 (8th Cir. 1964).

The judgment of the district court is affirmed.