**Eddie Lee WILSON, Plaintiff,**

**v.**

**Judge TILLMAN, etc., Defendant.**

No. 81–372C(2).

United States District Court, E. D. Missouri, E. D.

May 20, 1981.

Eddie Lee Wilson, pro se.

John C. Reed, Asst. Atty. Gen., Jefferson City, Mo., for defendant.

## MEMORANDUM

NANGLE, District Judge.

This case is now before the Court on defendant's motion to dismiss. Plaintiff brought this suit pursuant to 42 U.S.C. § 1983. Plaintiff allegedly filed a motion for post-conviction relief contesting his criminal conviction by mailing a copy of same to defendant, a Circuit Judge of the Circuit Court of the City of St. Louis. Defendant allegedly signed the return receipt accompanying the motion. When plaintiff later inquired about progress on the motion, defendant allegedly denied having received it. Through his action, defendant allegedly "den[ied] the Plaintiff access to the Courts and the opportunity to contest his conviction pursuant to a Post-Conviction Relief Motion." Plaintiff seeks seventy-five thousand dollars ($75,000.00) in damages, and an injunction prohibiting defendant from denying him access to the courts.

It is clear that defendant is absolutely immune in plaintiff's claim for dam-

ages. The actions plaintiff complains of were clearly taken by defendant, if at all, in his judicial capacity. Plaintiff's motion was sent to defendant precisely because of his judicial authority. That defendant may have acted erroneously, or even maliciously, with respect to plaintiff's motion does not strip him of his judicial immunity.

> A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction." [*Bradley v. Fisher,*] 13 Wall. [335], at 351 [20 L.Ed. 646] [1872]. *Stump v. Sparkman,* 435 U.S. 349, 356–357, 98 S.Ct. 1099, 1104–1105, 55 L.Ed.2d 331 (1977).

Defendant was clearly not acting in absence of all jurisdiction when dealing with plaintiff's post-conviction petition. *White v. Bloom,* 621 F.2d 276 (8th Cir. 1980); *Keating v. Martin,* 638 F.2d 1121 (8th Cir. 1980). Plaintiff therefore fails to state a claim for monetary relief.

■ This Court further believes that plaintiff has failed to state a claim for injunctive relief. Several reasons support this conclusion.

First, plaintiff has failed to allege the basic requisites of equitable relief—"the likelihood of substantial and immediate irreparable injury, and the inadequacies of remedies at law." *O'Shea v. Littleton,* 414 U.S. 488, 502, 94 S.Ct. 669, 679, 38 L.Ed.2d 674 (1974). Should plaintiff in the future desire to file a motion for post-conviction relief, Missouri law provides ample means through which plaintiff can ensure that defendant does not thwart his efforts to obtain relief. He need only file a motion for a change of judge pursuant to Missouri Supreme Court Rule 51.05. Such a change is to be granted as a matter of course, and plaintiff can thereby ensure that his motion is heard by a judge other than defendant. Plaintiff also possesses the right to appeal any adverse decision by defendant on his motion. Equitable relief by this Court is therefore inappropriate in this case. *O'Shea,* supra; *Bonner v. Circuit Court of*

*City of St. Louis, Mo.,* 526 F.2d 1331 (8th Cir. 1975).

Secondly, this Court has serious doubts as to the appropriateness of the equitable relief desired by plaintiff. He would apparently have this Court oversee Judge Tillman's handling of his post-conviction motion to ensure that he is not deprived of access to the courts. Such federal intrusion into state court proceedings is contrary to the well-settled principles of equity, comity, and federalism that restrain a federal court when asked to enjoin a state proceeding. *O'Shea,* supra; *Parker v. Turner,* 626 F.2d 1 (6th Cir. 1980). For these reasons, plaintiff's complaint will be dismissed.