663 F.2d 57
 Gale A. RACHUY, Appellant,
v.
MURPHY MOTOR FREIGHT LINES, INC., Individually and as a
Minnesota Corporation; Woodhull Transfer Inc., Individually
and as a Minnesota Corporation; James A. Woodhull,
Individually and as President of Woodhull Transfer Inc. and
as Agent of Murphy Motor Freight Lines, Inc.; Sandy Tynella,
Individually and as an employee of Murphy Motor Freight
Lines, Inc., and Woodhull Transfer Inc.; Lloyd Fredrickson,
Individually and as an Officer of the Duluth, Minnesota
Police Department; John E. DeSanto, Individually and as an
Assistant St. Louis County, Minnesota Attorney, Appellees.
 No. 81-1710.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 4, 1981.
Decided Nov. 6, 1981.
 
 Jerry E. Hess, St. Paul, Minn., for appellee Murphy Motor Freight lines, inc.
 Alan L. Mitchell, St. Louis County Atty., Mary L. Peterson, Asst. County Atty., Duluth, Minn., for appellee John E. DeSanto, Asst. St. Louis County Atty.
 David P. Sullivan of Bruess, Bye, Boyd, Andresen & Sullivan, Duluth, Minn., for appellees Woodhull Transfer Inc., Woodhull and Tynella.
 Before HEANEY, HENLEY and McMILLIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gale A. Rachuy appeals pro se from the district court's[1] order dismissing his complaint under 42 U.S.C. §§ 1983 and 1985. We affirm.
 
 
 2
 Rachuy's claims in this pro se action arise from his state prosecution and conviction for theft and issuance of a worthless check, violations of Minn.Stat.Ann. §§ 609.52(2), (3), .535 (West 1964 & Supp.1981), respectively. The state criminal action resulted from a complaint lodged by defendant James Woodhull, Duluth agent for defendant Murphy Motor Freight Lines of Minneapolis, concerning two checks received from Rachuy in payment for the cost and transportation of a shipment of fireworks Rachuy had ordered from an Ohio company. The checks in question, dated April 10, 1981, were drawn on an account which had been closed approximately seven months earlier. Following a police investigation, Rachuy was arrested and tried on the above-mentioned charges. He was subsequently convicted and sentenced to a term in the state prison, where he currently remains incarcerated.
 
 
 3
 On April 28, 1981, Rachuy initiated this pro se action in the federal district court, seeking compensatory, declaratory and equitable relief for alleged violations of his civil rights. Named as defendants were Murphy Motor Freight Lines, Inc. (the company that transported the fireworks Rachuy ordered from Ohio to Duluth); Woodhull Transfer Inc. (Duluth agent for Murphy Motor); James Woodhull and Sandy Tynella (employees of Woodhull Transfer); Lloyd Frederickson (a Duluth police officer); and John DeSanto (the Assistant St. Louis County Attorney who prosecuted Rachuy). In essence, Rachuy alleged that the defendants conspired to deprive him of his rights by charging him with a crime that had not occurred, failing to disclose evidence favorable to him and fabricating evidence against him.
 
 
 4
 Motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), filed by all the defendants, were considered by the district court on June 29, 1981. These motions were granted, and the action dismissed with prejudice.
 
 
 5
 We are convinced the district court did not err in ordering that the action be dismissed. The complaint alleged no racial or class-based animus; therefore, dismissal of any purported claim under § 1985 was proper. See Jones v. United States, 536 F.2d 269, 271 (8th Cir. 1976), cert. denied, 429 U.S. 1039, 97 S.Ct. 735, 50 L.Ed.2d 750 (1977). Further, any allegations against DeSanto arose from actions taken by him in the course of performance of his official duties as a prosecutor. Consequently, he enjoys immunity from this suit, see, e. g., Keating v. Martin, 638 F.2d 1121, 1122 (8th Cir. 1980) (per curiam), and the district court did not err in dismissing the complaint as to him. Dismissal with respect to the remaining defendants was also proper. The facts alleged in the complaint are insufficient to state a basis for recovery against either the private defendants, see White v. Walsh, 649 F.2d 560, 561-62 (8th Cir. 1981), or the police officer.
 
 
 6
 Rachuy also contests, on several grounds, the propriety of the hearing on the motions to dismiss. Our examination of the record, however, discloses no reversible error.
 
 
 7
 The order of the district court is affirmed.
 
 
 
 [1]
 The Honorable Edward J. Devitt, United States Senior District Judge for the District of Minnesota