**Raymond Keith MILLER, Plaintiff,**

v.

**Judge Gene DUFFIN, Larry Barkes, Mark S. Crowder, R. Brent Zook, Defendants.**

**No. S86–177.**

United States District Court, N.D. Indiana, South Bend Division.

May 7, 1986.

Raymond Miller, pro se.

David M. Wallman, Deputy Atty. Gen., Indianapolis, Ind., for defendants Judge Duffin and Mark S. Crowder.

R. Brent Zook, pro se.

## MEMORANDUM AND ORDER

MILLER, District Judge.

### I

This cause is before the court on motions to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), filed by each of the four defendants in this action. One of the defendants, Larry Barkes, filed an affidavit in support of his motion, and plaintiff Raymond K. Miller filed his own affidavit in response. Also pending are Mr. Miller's motion for appointment of a lay advocate, Mr. Miller's motion for a preliminary injunction to prohibit the defendants from interfering with Mr. Miller's right to obtain answers to interrogatories, and a motion for protective order filed by two defendants seeking a stay of discovery pending resolution of the motions to dismiss.

Mr. Miller filed this claim for damages pursuant to 42 U.S.C. Section 1983 without counsel. The allegations of his *pro se* complaint must be judged by a standard less stringent than if the complaint had been drafted by counsel, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652, *reh. denied* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *Jones v. Morris*, 777 F.2d 1277 (7th Cir.1985), must be taken as true and viewed in the light most favorable to the plaintiff when challenged by a motion to dismiss, *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Hampton v. City of Chicago*, 484 F.2d 602 (7th Cir.1973), *cert. denied* 415 U.S. 917, 94 S.Ct. 1413, 39 L.Ed.2d 471 (1974), and should not be held insufficient to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *French v. Heyne*, 547 F.2d 994 (7th Cir.1976).

### II

On March 28, 1986, Mr. Miller moved for appointment of a lay advocate to assist him in this action. Mr. Miller does not describe the role his lay advocate would perform; nor does he cite any legal authority for the appointment of a lay advocate.

▮▮▮▮ Prisoners have a constitutional right to assistance of at least a lay advocate for purposes of obtaining access to the courts for purposes of filing habeas corpus petitions, appeals, and civil rights complaints, and the States cannot prohibit prisoners from assisting each other for those purposes. *Wolff v. McDonnell*, 418 U.S. 539, 577–580, 94 S.Ct. 2963, 2985–86, 41 L.Ed.2d 935 (1974); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). Illiterate prisoners may also have a due process right to the assistance of a lay advocate during certain prison disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. at 570, 94 S.Ct. at 2981. Prisoners have no right, however, to have the court designate a lay person to serve as a "lay advocate" to deal with the court and opposing counsel as post-filing "counsel" for a litigant in a civil rights action for damages. Nor, for that matter, has anybody else such a right.

Access to the courts has been achieved; Mr. Miller's complaint is before the court. His motion for appointment of a lay advocate accordingly is denied.

### III

Mr. Miller alleges a denial of due process of law and a denial of "equal justice". The factual allegations of the *pro se* complaint, even when liberally construed, are entirely conclusory and afford no guidance to the factual underpinning of Mr. Miller's complaint. Mr. Miller attached a memorandum in support of his claim in which he explains that he was arrested in December, 1983 for auto theft and forgery. In that memorandum, he asserts that in September, 1983, through the execution of a promissory note, he had become the owner of the automobile he was charged with stealing. He asserts that he was originally charged with forging a check to Tuffy Mufflers, and was arraigned on that charge on March 9, 1984. On October 11, 1984, he asserts, the prosecutor moved to amend the forgery charge

"from Tuffy Mufflers to Fleenor Auto Stores", an event for which there was no police report, affidavit or warrant. He maintains that the absence of a police report or warrant deprived the judge, defendant Gene R. Duffin, of jurisdiction to try him and deprived Judge Duffin and the prosecutor, defendant Mark S. Crowder, of immunity.

Mr. Miller further states in his memorandum that his defense attorney, R. Brent Zook, failed to provide him with effective assistance of counsel. He asserts that "Larry Barkes was informed that the plaintiff needed a copy of the promissory note and that a copy was not given till Feb. 5, 1986". Finally, Mr. Miller asserts that defendant Crowder, the deputy prosecutor, refused to allow Mr. Miller to bring charges against Debbie S. Miller for forgery.

Mr. Miller does not allege whether his conviction was procured through trial or plea; nor does he indicate whether an appeal was taken.

Mr. Miller seeks an award of damages in the sum of $75,951.68.

Three of the defendants (Judge Duffin, Deputy Prosecutor Crowder and Defense Attorney Zook) have moved to dismiss Mr. Miller's complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Mr. Barkes has moved to dismiss the complaint for failure to state a claim upon which relief can be granted as well, but in support of that motion he submitted an affidavit and two exhibits; Mr. Miller responded with his own affidavit. Because matters outside the pleadings are presented with respect to Mr. Barkes' motion, the court must treat the motion as one for summary judgment under Fed.R.Civ.P. 56, *see* Rule 12(b), governed by different standards.

## IV

### A

■ Judge Duffin and Deputy Prosecutor Crowder are immune from a suit for damages under Section 1983. The United States Supreme Court has held steadfastly that a judicial officer, such as Judge Duffin, is absolutely immune from civil suits for damages resulting from his or her judicial acts. *Pulliam v. Allen,* 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984); *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331, *reh. denied* 436 U.S. 951, 98 S.Ct. 2862, 56 L.Ed.2d 795 (1978); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Lowe v. Letsinger,* 772 F.2d 308 (7th 1985). The Court has extended that immunity to prosecutors as well. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

### B

■ Mr. Miller attempts to avoid the immunity defense by asserting, in response to the motion to dismiss, that his complaint alleges a conspiracy. Mr. Miller filed his own affidavit in which he asserted (1) that he is an adult, competent to testify to the facts contained in the affidavit; (2) that he can prove a set of facts warranting federal jurisdiction; (3) that the defendants "did in fact lose jurisdiction" on August 16, 1984; (4) "That the defendants did in fact do conspiracy to try the plaintiff after the defendants was aware there was no jurisdiction on the case"; (5) that the defendants violated his civil rights; (6) that the defendants' conduct "was indeed a nonjudicial act"; (7) that the defendants could not change the form of the affidavit under law. In his memorandum in response to the motion to dismiss, Mr. Miller explains,

Stated simply, Plaintiff alleges a premeditated conspiracy existed between Defendants Duffin, Crowder, Zook, and Barkes to violate Plaintiff's Constitutional Rights, by purposely withholding exculpatory evidence, and to ultimately imprison Plaintiff because Plaintiff had a 42 USC 1983 action pending against Elkhart County, and that, further, subject-matter jurisdiction to try, convict, and punish Plaintiff had not been acquired.

Even when viewed liberally, however, *Haines v. Kerner, supra,* Mr. Miller's com-

plaint alleges no such thing. The complaint alleges no facts whatsoever. Viewing the explanatory memorandum as part of the complaint, there remain no allegations that could remotely be viewed as raising a claim of conspiracy or even a suggestion that Mr. Miller had a pending claim against Elkhart County.

Viewed liberally, the complaint alleges that Judge Duffin acted without subject-matter jurisdiction in handling the case in the absence of a police report, affidavit or warrant with respect to the Fleenor Auto Sales check; that Deputy Prosecutor Crowder violated Mr. Miller's rights by (a) prosecuting Mr. Miller for the theft of his own automobile, (b) procuring the Fleenor Auto Sales check prosecution in the absence of a police report, affidavit, or warrant, and (c) refusing to prosecute on the basis of Mr. Miller's allegation that Debbie Miller forged his check; that Defense Attorney Zook failed to provide Mr. Miller with effective assistance of counsel; and that Mr. Barkes failed to provide Mr. Miller with a copy of the promissory note until February 5, 1986. The complaint, even supplemented by the memorandum, does not allege a conspiracy.

## C

Claiming to have alleged a conspiracy, Mr. Miller cites the court to the holding of the Ninth Circuit Court of Appeals in *Rankin v. Howard,* 633 F.2d 844, 847 (9th Cir.1980), that "Rankin alleged that Judge Zeller agreed in advance with the others to rule favorably on the petition. We conclude that a judge's private, prior agreement to decide in favor of one party is not a judicial act."

The *Rankin* court found it necessary to read narrowly the holding of the United States Supreme Court in *Dennis v. Sparks,* 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 85 (1980), that those who conspire with judges may be liable under Section 1983 although the judge himself is protected by judicial immunity. Without suggesting concurrence with the *Rankin* court's narrow reading of *Dennis v. Sparks,* the court

notes that to the extent *Rankin* holds that a plaintiff may elude the judicial immunity defense by simply appending a naked conspiracy allegation to his factual allegations, *Rankin* stands alone among the nation's cases. Cf. *Beard v. Udall,* 648 F.2d 1264 (9th Cir.1981) (specific, identifiable facts giving rise to a permissible inference of a conspiracy precluded summary judgment for the defendant); but see *Scott v. Schmidt,* 773 F.2d 160 (7th Cir.1985).

The Eleventh Circuit has rejected the *Rankin* holding altogether. *Dykes v. Hosemann,* 776 F.2d 942, 946 (11th Cir.1985) (en banc), *aff'g* 743 F.2d 1488 (1984), *reh. denied* 783 F.2d 1000 (1986) ("We were follow *Rankin,* judges, on mere allegations of conspiracy or prior agreement, could be hauled into court and made to defend their judicial acts, the precise result judicial immunity was designed to avoid."); *Scott v. Dixon,* 720 F.2d 1542 (11th Cir.1983), *reh. denied* 729 F.2d 1468, *cert. denied* — U.S. ——, 105 S.Ct. 122, 83 L.Ed.2d 64 (1984). The Fifth Circuit has also rejected *Rankin v. Howard,* finding it to be inconsistent with the fundamental policies underlying judicial immunity. *Holloway v. Walker,* 765 F.2d 517, 522–23, *reh. denied* 773 F.2d 1236 (5th Cir.), *cert. denied* — U.S. ——, 106 S.Ct. 605, 88 L.Ed.2d 583 (1985) ("It requires little skill or imagination to convert many allegations that a judge has ruled in 'bad faith' into allegations that he conspired to do so or was bribed ... Thus, where the alleged harm, though resulting from a bribe or conspiracy, was inflicted by acts to which absolute immunity would apply, the complaint is insufficient to avoid judicial immunity."); *Harper v. Merckle,* 638 F.2d 848 (5th Cir. Unit B), *cert. denied* 454 U.S. 816, 102 S.Ct. 93, 70 L.Ed.2d 85 (1981).

Other courts have rejected *Rankin v. Howard* implicitly. For example, the Sixth Circuit has described the doctrine of judicial immunity as applying "even when a judge is accused of acting maliciously or corruptly". *International Union, U.A.W. v. Greyhound Lines, Inc.,* 701 F.2d 1181, 1185 (6th Cir.1983). The Eighth Circuit

Court of Appeals considered, and rejected, a claim similar to Mr. Miller's in *Keating v. Martin,* 638 F.2d 1121 (1980), in which the plaintiff alleged that his trial judge, prosecutor and public defender had met "to 'arrange for the denial of admission into evidence' of certain materials which Keating planned to introduce at trial". *Id.* at 1121. The court held dismissal proper because immunity barred the claims against the judge and prosecutor. So, too, in *Harley v. Oliver,* 539 F.2d 1143 (8th Cir.1976), *aff'g* 404 F.Supp. 450 (W.D.Ark.1975), the Eighth Circuit Court of Appeals upheld the dismissal on judicial immunity grounds, for failure to state a claim, of a Section 1983 complaint that alleged a conspiracy to deprive the plaintiffs of their constitutional rights.

Finally, and perhaps most importantly for resolution of Mr. Miller's matters in this court, the Seventh Circuit seems implicitly to have rejected *Rankin v. Howard,* at least insofar as conclusory allegations of conspiracy are concerned. In *Glick v. Koenig,* 766 F.2d 265 (7th Cir.1985), a *pro se* plaintiff sought $17,000,000.00 from a state judge, a prosecutor and a police officer alleged to have conspired in setting a trial date, in ignoring the plaintiff's documents, and in "failing to produce a written complaint by two sovereign citizens". *Id.* at 268. The court held that dismissal on judicial and prosecutorial immunity grounds was proper. In *Briscoe v. LaHue,* 663 F.2d 713 (7th Cir.1981), *aff'd on other grounds* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), the court considered three appeals, in one of which a plaintiff had alleged that several defendants, including a judge and a prosecutor, "conspired to deprive him of his constitutional rights to due process, equal protection and effective assistance of counsel, and that this conspiracy was motivated by his race and his status as a convicted felon". *Id.* at 716. The court held that dismissal was proper on the basis of judicial and prosecutorial immunity.

The *Briscoe* court also held, with respect to the claims against the private parties that were alleged to have conspired with the prosecutors, judge and court reporters,

that although private parties may be liable under Section 1983 for conspiring with public officials to deny constitutional rights,

> ... even under the generous standard of *Haines [v. Kerner, supra],* conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss. Here, Talley's sole allegation of conspiracy against the 15 named defendants ... is wholly devoid of facts upon which a claim for relief can be based. Since Talley's complaint does not set forth any facts suggesting a conspiracy between state officials and the private defendants, it fails to state a Section 1983 claim.... Our conclusion goes not to artlessness which, of course, may be forgiven in such *pro se* complaints, but to the lack of intimation of *any facts* underlying the claim. As we stated in *Tarkowski v. Bartlet Realty Co.,* 644 F.2d 1204, 1208 (7th Cir.1980), 'even a *pro se* litigant is required to allege something in the way of facts before his allegations of conspiracy may be deemed to state a claim.... mere conjecture that there has been a conspiracy is not enough....' "

*Id.* at 723. This must be even more true when the first mention of conspiracy is found in a response to a motion to dismiss. The wholly conclusory affidavit Mr. Miller filed with that response warrants no different conclusion.

### D

Based on the foregoing, the court concludes that dismissal of Mr. Miller's claims against Judge Duffin and Deputy Prosecutor Crowder is proper under the doctrines of judicial and prosecutorial immunity. The specific acts alleged by Mr. Miller— which are essentially acts of trying Mr. Miller for alleged crimes and, in the case of Deputy Prosecutor Crowder, the exercise of prosecutorial discretion whether to file criminal charges—fall easily within the zone of protection from damage suits under Section 1983. To the extent that the existence of a conspiracy to deprive Mr. Miller of his constitutional rights might fall

without the protection of such immunity, Mr. Miller's complaint, no matter how broadly construed, alleges no such conspiracy. Finally, it does not appear from the allegations of the complaint that Mr. Miller was deprived of any of his constitutional rights.

## V

Mr. Miller's claims against Defense Attorney Zook and Mr. Barkes suffer no better fate, although for different reasons. To make out a claim under Section 1983, a plaintiff must show that (1) the defendant or defendants acted under color or authority of law; and (2) the defendant or defendants deprived the plaintiff of a right, privilege or immunity secured by the Constitution and laws of the United States. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Section 1983 generally does not address the conduct of private individuals. Congress' intent in enacting Section 1983 was to allow individuals' suits directed at civil rights violations by the states; accordingly, Section 1983 was directed only to action taken under color of state law. *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Monroe v. Pape, supra.*

## A

■ Privately retained attorneys do not act under color of state law simply because they practice in state courts. *Hansen v. Ahlgrimm*, 520 F.2d 768, 770 (7th Cir.1985); *Skolnick v. Martin*, 317 F.2d 855, 857 (7th Cir.), *cert. denied* 375 U.S. 908, 84 S.Ct. 199, 11 L.Ed.2d 406, *reh. denied* 375 U.S. 960, 84 S.Ct. 440, 11 L.Ed.2d 319 (1963). Even defense attorneys appointed to represent an indigent defendant in a criminal case do not act "under color of state law"; there is no "state action" such as will give rise to an action under Section 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). A public defender is not immune from Section 1983 liability for deprivations of civil rights through conspir-

acy with public officials, *Tower v. Glover*, 467 U.S. 914, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984), but that is the rule with respect to all private parties. *Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980).

■ As noted above, Mr. Miller's attempt to allege that Defense Attorney Zook engaged in a conspiracy is not sufficient to state such a claim; hence the recent holding in *Tower v. Glover, supra,* is of no import. The sole allegations against Defense Attorney Zook are that he (a) failed to provide Mr. Miller with effective assistance of counsel; (b) failed to prevent Mr. Miller's conviction despite the absence of a police report or warrant; and (c) chose not to prove unstated mitigating circumstances. These overlapping allegations are insufficient to state a claim that Defense Attorney Zook acted under color of state law, and hence are insufficient to state a claim under Section 1983.

## B

The case against Mr. Barkes is even weaker as to the element of "state action". Mr. Miller's memorandum in support of his complaint asserts simply that "Larry Barkes was informed that the plaintiff needed a copy of the promissory note and that a copy was not given till Feb. 5, 1986". In support of his motion to dismiss, Mr. Barkes submitted his own affidavit and a copy of his correspondence with Mr. Miller, indicating that Mr. Miller wrote to Mr. Barkes on December 27, 1985 as follows:

Dear Mr. Barkues [sic]

I am writing to you for your help. Sir, I need a copy of the promissory note agreement with you concerning a judgment against my ex-wife Debbie S. Miller.

I need this copy of the promissory note for my appeal. I am representing myself. I could not get a lawyer to hold my appeal.

So Mr. Barkues [sic] please send me a copy. I have already been advise if I do have the promissory note my conviction will be overturn.

Sir please help me.

Thanks alot

Raymond K. Miller

By filing his affidavit in support of his motion, Mr. Barkes converted his motion to dismiss to a motion for summary judgment. Fed.R.Civ.P. 12(b). Mr. Miller, in turn, filed the affidavit summarized in part III–B, *supra.* Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is only proper when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, establish that (1) no genuine issue as to any material fact exists, and (2) the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Munson v. Friske,* 754 F.2d 683, 690 (7th Cir.1985). In this inquiry, the moving party bears the burden of proving both these elements, *Brown University v. Kirsch,* 757 F.2d 124, 129 (7th Cir.1985); and any inferences drawn from the documents must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Munson v. Friske,* 754 F.2d at 690. In addition, a *pro se* litigant's pleading must be construed liberally, as the court has a duty to insure that claims of *pro se* litigants are given a fair and meaningful consideration. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1971); *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957); *Matzker v. Herr,* 748 F.2d 1142, 1146 (7th Cir.1984); *Caruth v. Pinkney,* 683 F.2d 1044, 1050 (7th Cir.1982), *cert. denied* 459 U.S. 1214, 103 S.Ct. 1212, 75 L.Ed.2d 451 (1983).

Even without regard to the materials beyond the pleadings, Mr. Barkes is entitled to a dismissal. Apart from the conspiracy reference found inadequate in Part III, *supra,* Mr. Miller makes not the vaguest reference to a fact that would warrant a finding that Mr. Barkes engaged in any conduct under color of state law. The complaint alleges only that Mr. Barkes did not give Mr. Miller a copy of the promissory note until February 5, 1986. No factual allegations in the complaint (or, for that matter, anywhere else in the record before the court) suggest that Mr. Barkes engaged in any conduct that violated Mr. Miller's constitutional rights, much less that he did so under color of state law.

The materials before the court, even when viewed most favorably to Mr. Miller, reinforce that conclusion. Mr. Miller's request to Mr. Barkes for the promissory note states that Mr. Miller had already been convicted by the time of the request.

Mr. Barkes is entitled to judgment dismissing Mr. Miller's complaint.

## VI

Based on the foregoing, the court finds that the plaintiff's motion for appointment of a lay advocate should be, and hereby is, DENIED; that defendants' motions to dismiss should be, and hereby are, GRANTED; and that the plaintiff's complaint should be, and hereby is, DISMISSED. The plaintiff's motion for preliminary injunction and the defendants' motion for protective order are DENIED AS MOOT.

SO ORDERED.