Willis Owen FARWIG, Appellant,

v.

The CITY OF ST. LOUIS, Primarily, Municipal Health Department, and Secondarily, That Junior Member of the Scott Family, Formerly in Residence 4209 Lee Avenue, St. Louis, Missouri, Year 1925, Thereabout, Respondents.

No. 57291.

Supreme Court of Missouri, Division No. 1.

Sept. 10, 1973.

Motion for Rehearing or to Transfer to Court en Banc Denied Oct. 8, 1973.

Willis Owen Farwig, appellant, pro se.

Robert W. Van Dillen, City Counselor, John J. Fitzgibbon, Associate City Counselor, St. Louis, for respondent City of St. Louis.

Edward A. Dubinsky, St. Louis, for respondent Judge Michael J. Scott.

PER CURIAM:

On July 11, 1971, Willis Owen Farwig, pro se, filed a petition in the St. Louis Circuit Court for $1,000,000 damages, claimed as the result of a dog bite he sustained in 1925 at the age of five years, and treatment received for rabies following the bite. The petition named the City of St. Louis as a party defendant and an "unnamed Junior Member of the Scott Family," the owner of the dog. Judge Michael J. Scott was identified as "Known Member" and served with summons.

Motions of the city and Judge Scott to dismiss which asserted, among other grounds, the defense of the statute of limitations, were sustained and the petition dismissed with prejudice. An appeal was taken to this court.

The trial court's ruling on the statute of limitations issue was correct. If, as alleged, plaintiff was five years of age at the time of the incident in 1925, the tolling of the statute of limitations for infancy would have ended in 1941. § 516.170, RSMo 1969, V.A.M.S. Thereafter, plaintiff would have had five years within which to file his cause of action. § 516.- 120(4), RSMo 1969, V.A.M.S. The action was not filed within such time. The claim that the statute was tolled after plaintiff reached his majority because of the city's failure to notify plaintiff of the period of limitations is without merit. No other ground of tolling is alleged. The trial court properly sustained the motions to dismiss on the grounds of bar of the statute of limitations. Other grounds for the trial court's action need not be considered.

Judgment affirmed.