**Cheryl RIDGWAY, Appellee,**

v.

**WAPELLO COUNTY, IOWA; Bud Irwin, Wapello County Sheriff; John Smith, Deputy Sheriff; and Tom Smith, Deputy Sheriff, Appellants.**

No. 85–2123.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1986.

Decided July 8, 1986.

Lloyd E. Keith, Ottumwa, Iowa, for appellants.

Thomas M. Werner, Des Moines, Iowa, for appellee.

Before McMILLIAN, JOHN R. GIBSON, and BOWMAN, Circuit Judges.

BOWMAN, Circuit Judge.

This case is before us on interlocutory appeal under 28 U.S.C. § 1292(b) from the District Court's [1] denial of the motion of defendants-appellants (hereinafter collectively referred to as Wapello County) for

---

**1.** The Honorable Harold D. Vietor, Chief Judge for the Southern District of Iowa.

summary judgment. The District Court held that plaintiff-appellee Cheryl Ridgway's 42 U.S.C. § 1983 action was not barred by Iowa's two-year statute of limitations for personal injury actions, thereby denying retroactive effect to *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). We affirm.

Ridgway's complaint asserts federal claims stemming from a February 1981 incident in which Wapello County through its employees allegedly subjected her to an unlawful search and seizure, illegally confined her, and invaded her privacy. Ridgway also asserts several pendant state law claims for negligence, assault and battery, false imprisonment, negligent hiring and supervision, abuse of process, and intentional infliction of emotional distress. All her claims relate to a thirty-seven hour period during which Wapello County, through its employees, allegedly took Ridgway forcibly from her home to a hospital for a mental health evaluation and then moved her to a state mental health facility.

The only issue before us is whether *Wilson v. Garcia* should be applied retroactively to bar Ridgway's section 1983 action. Her cause of action arose in February 1981, but the complaint was not filed until August 1983, more than two and one-half years later. In the interim, the Eighth Circuit issued an *en banc* decision in January 1982 holding that the state's general statute of limitations, not the personal injury statute of limitations, governs actions under section 1983. *Garmon v. Foust*, 668 F.2d 400, 401, 406 (8th Cir.), *cert. denied*, 456 U.S. 998, 102 S.Ct. 2283, 73 L.Ed.2d 1294 (1982). Under Iowa law, the general statute of limitations is five years, Iowa Code § 614.1, subd. 4, whereas the personal injury statute of limitations is two years, *id.* § 614.1, subd. 2.

In 1985, the Supreme Court held in *Wilson v. Garcia* that the state statute of limitations for personal injury actions applies to all causes of action under section 1983. 105 S.Ct. at 1947. *Wilson* thus changed the rule that *Garmon* had established for this Circuit. If *Wilson* is applied in the instant case, Ridgway's claim will be barred by Iowa's two-year statute of limitations for personal injury actions.

Our decision whether to apply a change in decisional law retroactively in a particular case is governed by the three-factor test of *Chevron Oil v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). *See generally* Note, *Confusion in Federal Courts: Application of the Chevron Test in Retroactive-Prospective Decisions*, 1985 U.Ill.L.Rev. 117. These factors, sometimes referred to as the reliance, purpose, and inequity factors, *id.* at 123, 92 S.Ct. at 365, are: (1) whether the decision establishes "a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed"; (2) whether retroactive application will advance or retard operation of the new rule, determined by looking to the history, purpose, and effect of the rule; and (3) whether retroactive application will be inequitable in that it would create injustice or hardship. 404 U.S. at 106–07; *see Occhino v. United States*, 686 F.2d 1302, 1308–09 (8th Cir. 1982).

After considering each of the *Chevron* factors, we agree with the District Court that the facts of this case militate against applying *Wilson* retroactively. First, as to the reliance factor, *Wilson* overruled clearly established precedent in this Circuit, *Garmon*, on which Ridgway reasonably relied in filing her complaint. At the time of our decision in *Garmon*, Ridgway still had over one year in which to file her complaint within the time prescribed by Iowa's personal injury statute of limitations. *Garmon* established that the rule for this Circuit was the general statute of limitations, which in Iowa is five years. Ridgway filed her complaint two and one-

half years before her time under the general statute of limitations would have run. In this respect, the instant case is readily distinguishable from *Wycoff v. Menke,* 773 F.2d 983 (8th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1230, 89 L.Ed.2d 339 (1986), where this Court held that *Wilson* should be applied retroactively to bar the plaintiff's lawsuit. When the plaintiff in *Wycoff* filed his action (before our decision in *Garmon*), the law in this Circuit concerning the applicable statute of limitations in section 1983 cases was in a state of confusion, several cases having adopted different rules for determining the applicable limitation period. Moreover, since *Garmon* was decided after the complaint in *Wycoff* was filed, the plaintiff was not justified in relying on the general statute of limitations period when he filed his action over four years after the cause of action arose. 773 F.2d at 986–87. A recent per curiam opinion of this Court relied heavily on the *Wycoff* analysis of the *Chevron* factors in applying *Wilson* retroactively to permit the plaintiff's claim to proceed. *Farmer v. Cook,* 782 F.2d 780, 780–81 (8th Cir.1986). We believe that the reliance factor clearly favors not applying *Wilson* retroactively in the present case.

Second, we note that the concerns about reliance are closely related to the third *Chevron* factor, the inequity factor, which focuses on the injustice or hardship to the parties in retroactively applying a change in decisional law. We conclude that retroactive application of *Wilson* in the present case would be inequitable. Ridgway reasonably relied on this Court's decision in *Garmon* in concluding that she had five years to file her lawsuit. The actual filing occurred about six months after the statute of limitations for personal injury actions had run, and only halfway through the general statute of limitations period approved in *Garmon,* so Ridgway by no means slept on her rights. Wapello County does not contend that the passage of time has resulted in the loss of evidence or

potential witnesses. Applying *Wilson* retroactively would deny Ridgway a cause of action that she had every reason to believe was not time-barred when she filed suit. After *Garmon,* Wapello County, by contrast, could not reasonably have relied on the two-year personal injury statute of limitations and therefore it will not unexpectedly be snatched from a safe haven by a holding that Ridgway's action is not barred by the two-year statute.

As to *Chevron's* purpose factor, it is clear that retroactive application of *Wilson* in the present case would have only limited significance in promoting the greater uniformity and certainty that the Supreme Court has sought to create in this area. Since the personal injury statute of limitations period varies from state to state,[2] *Wilson* merely promotes nationwide uniformity in deciding which of a state's several statutes of limitations applies in section 1983 actions. It does not secure nationwide uniformity as to the actual time within which such actions may be filed, and retroactive application in the present case would not make any appreciable contribution to such uniformity. We thus conclude that in the present case the purpose factor is at best a marginal one, and that in any event it is decisively outweighed by the other two factors.

Wapello County's reliance on our decision in *Occhino* is misplaced. *Occhino* dealt with the retroactive application of *Garmon.* The complaint was filed some four years after the cause of action arose and approximately a year before *Garmon* was decided. 686 F.2d at 1308. Although this Court found that some injustice or hardship did result to the defendants from retroactive application of *Garmon,* 686 F.2d at 1309–10, we concluded that the other two *Chevron* factors favored applying *Garmon* retroactively so as to keep the complaint from being time-barred. The facts of the instant case are sufficiently

---

**2.** Moreover, the limitation period for personal injury actions may vary within a state depending on the type of personal injury involved. *See*

105 S.Ct. at 1953 (O'Connor, J., dissenting) (referring to Colorado's two personal injury limitations periods).

distinct from the facts in *Occhino* to make that case unpersuasive here.

For the reasons set forth above, we affirm the District Court's denial of defendants' motion for summary judgment and we remand the case for further proceedings.

