813 F.2d 910
 JANE DOES 1-100, on behalf of themselves, and all others
similarly situated, William H., Appellant,
v.
Donald OMODT, Sheriff of Hennepin County, Minnesota; David
T. Hile, Alan A. Moran, Max Moes 1-10, Max Moes 1-10,
Hennepin County Deputy Sheriffs; Maxine Moes 1-10, Maxine
Moes 1-10, Hennepin County Deputy Sheriffs, the County of
Hennepin; Jeff Spartz, Randy Johnson, Richard Kremer, John
Derus, Sam Sivanich, Mark Andrew, E.F. Robb, Jr., as
Hennepin County Commissioners; and Hennepin County,
Minnesota, a political subdivision, Appellees.
 No. 86-5084.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 11, 1986.
Decided March 13, 1987.
 
 Barry G. Reed, Minneapolis, Minn., for appellant.
 Charles F. Sweetland, Minneapolis, Minn., for appellees.
 Before John R. GIBSON and FAGG, Circuit Judges, and HANSON,* Senior District Judge.
 FAGG, Circuit Judge.
 
 
 1
 William H. appeals from the district court's dismissal of his 42 U.S.C. Sec. 1983 claim as time-barred.
 
 
 2
 William H. brought this action against Hennepin County and various of its officials and employees, claiming constitutional violations in connection with a strip search conducted in July 1978 during William H.'s detention at a county correctional facility. His lawsuit was started within the time allowed by Minnesota's six-year period of limitations for statutory actions. See Minn. Stat. Sec. 541.05 subd. 1(2). Application of this limitations period is in harmony with the rule then in place in this circuit that a state's statute of limitations for actions based on liability created by statute, rather than its personal injury statute of limitations, governed suits brought under 42 U.S.C. Sec. 1983. See Garmon v. Foust, 668 F.2d 400, 406 n. 11 (8th Cir.), cert. denied, 456 U.S. 998, 102 S.Ct. 2283, 73 L.Ed.2d 1294 (1982); see also Occhino v. United States, 686 F.2d 1302, 1308 (8th Cir.1982).
 
 
 3
 In 1985 the United States Supreme Court effectively overturned our rule in Garmon, holding personal injury statutes of limitations should be applied in section 1983 actions. Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985). The district court held William H.'s claim was barred by the Minnesota two-year statute of limitations applicable to his personal injury action, see Minn. Stat. Sec. 541.07(1), giving retroactive effect to Wilson. The district court, however, made its ruling without the benefit of our decision in Ridgway v. Wapello County, 795 F.2d 646 (8th Cir.1986). In light of Ridgway, we reverse.
 
 
 4
 In Wycoff v. Menke, 773 F.2d 983, 987 (8th Cir.1985), cert. denied, --- U.S. ----, 106 S.Ct. 1230, 89 L.Ed.2d 339 (1986), this court held the rule announced in Wilson would apply retroactively to bar Wycoff's section 1983 claim. Wycoff filed his action after the Iowa personal injury statute of limitations for his claim had already expired, and before our decision in Garmon. Id. In light of the unsettled law on this issue at the time Wycoff's cause of action accrued, we determined he "could not reasonably have relied on a limitations period longer than two years in waiting to file [his] claim[ ]." Id. William H.'s case, however, does not follow this pattern and is not controlled by the retroactivity conclusion reached in Wycoff.
 
 
 5
 The issue of Wilson's retroactive application in circumstances more similar to William H.'s case was considered by this court in Ridgway. Ridgway's section 1983 complaint, unlike the plaintiff's in Wycoff, was not already precluded at the time of the Garmon decision by Iowa's personal injury statute of limitations. Ridgway, 795 F.2d at 647. Under those circumstances we declined to give retroactive effect to Wilson, concluding Ridgway was entitled to rely on Garmon's rule that in the absence of a specific limitations period for statutory actions, the general limitations period would apply. Garmon, 668 F.2d at 405-06. Ridgway could thus look to Iowa's longer general statute of limitations in determining when to file a claim. Ridgway, 795 F.2d at 647. Applying Wilson retroactively would have denied the plaintiff in Ridgway "a cause of action that she had every reason to believe was not time-barred when she filed suit." Id. at 648.
 
 
 6
 William H.'s case parallels the sequence of events in Ridgway with two exceptions. First, Minnesota, unlike Iowa, has a six-year statute of limitations for actions based on statutory liability. See Minn. Stat. Sec. 541.05 subd. 1(2). Second, in determining the viability of William H.'s claim at the time of Garmon, the facts of his case require consideration of his potential disability under the Minnesota tolling statute. See Minn. Stat. Sec. 541.15(2) (running of limitations period is suspended for period of plaintiff's "insanity"). William H. claims the statute of limitations for his claim was suspended during a period of his confinement for psychiatric treatment, thus maintaining the viability of his claim under the Minnesota personal injury statute of limitations at the time Garmon was decided.
 
 
 7
 If the statute of limitations was in fact tolled during this period, William H.'s claim had not yet expired (even under Minnesota's shorter personal injury limitations period) when Garmon was decided. Assuming William H. then held a viable claim, the effect of Garmon was to permit him to rely on our statement, reconfirmed in Occhino, that where a period of limitations for statutory claims is specified under state law, that period would apply to section 1983 cases. See Garmon, 668 F.2d at 406 n. 11; Occhino, 686 F.2d at 1308. Thus, under the six-year Minnesota statute which he had reason to believe applied, William H. had approximately four additional years in which to file his claim. William H. started his lawsuit within that four years and, under Ridgway, his claim is not barred by the applicable Minnesota statute of limitations.
 
 
 8
 The district court's dismissal of William H.'s section 1983 claim is reversed, and the case is remanded for further proceedings in light of this opinion.
 
 
 
 *
 The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation